IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARITY H.,[1]

          Plaintiff,

v.

KILOLO KIJAKAZI, Commissioner of Social Security,

          Defendant.

Case No. 3:20-cv-02011-MC

**OPINION AND ORDER**

**MCSHANE, U.S. District Judge.**

Charity H. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 1383(c)(3), which incorporates the review provisions of 42 U.S.C. § 405(g). For the reasons explained below, the Commissioner's decision is affirmed.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

**STANDARD OF REVIEW**

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" *Bray v. Comm'r Soc. Sec. Admin.,* 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either a grant or a denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" *Bray,* 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

**BACKGROUND**

I.   **PLAINTIFF'S APPLICATION**

Plaintiff filed her application for SSI on April 17, 2018, alleging disability as of March 20, 2018, due to lumbar degenerative disc disease, obesity, major depressive disorder, panic disorder, posttraumatic stress disorder (PTSD), and borderline intellectual functioning. (Tr. 174-82.) Plaintiff's claim was denied initially and upon reconsideration, and she requested a hearing before an Administrative Law Judge (ALJ). After an administrative hearing, ALJ Jo Hoenniger issued a written opinion dated March 4, 2020, denying Plaintiff's claim. (Tr. 14-27.) The Appeals Council

denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1.) This appeal followed.

## II.    THE SEQUENTIAL ANALYSIS

A claimant is considered disabled if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. *Id.* at 724-25. The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari,* 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *Id.*; *Bowen v. Yuckert,* 482 U.S. 137, 140-41 (1987).

The Commissioner bears the burden of proof at step five of the sequential analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. *Bustamante,* 262 F.3d at 954 (citations omitted).

## III.    THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine whether Plaintiff was disabled. (Tr. 14-27.) At step one, the ALJ determined that Plaintiff had not engaged in

PAGE 3 – OPINION AND ORDER

substantial gainful activity since her alleged onset date of March 20, 2018. At step two, the ALJ determined that Plaintiff suffered from the severe impairments of lumbar degenerative disc disease with facet arthropathy, obesity, major depressive disorder, panic disorder, PTSD, and borderline intellectual functioning. (Tr. 19.)

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or equals a Listing. (Tr. 21.)

The ALJ then determined Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff retained the ability to perform light work with the following limitations:

> [Plaintiff] can stand and walk for four hours total in an eight-hour workday; can sit six hours in an eight-hour workday; can occasionally climb ramps and stairs; should not climb ladders, ropes, and scaffolds; can occasionally stoop, kneel, crouch or crawl; should avoid concentrated exposure to vibration and to hazards such as unprotected heights and exposed moving mechanical parts; can understand and remember simple as well as noncomplex detailed instructions; has sufficient concentration, persistence or pace to complete simple routine tasks for a normal workday and workweek; is able to have superficial interactions with coworkers and supervisors; should not be required to have interactions with the general public; should be in a stable work environment with clearly defined roles; and should only be required to do minimal math or writing as a part of the job.

(Tr. 23.)

At step four, the ALJ found that Plaintiff was has no past relevant work. (Tr. 26.) At step five, the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy, including hand packager/inspector, production assembler, and mail and package sorter. (Tr. 27.) The ALJ therefore concluded that Plaintiff was not disabled. (Id.)

Plaintiff argues that the ALJ erred by (1) improperly evaluating the medical opinion evidence; and (2) improperly rejecting Plaintiff's subjective symptom testimony.

**DISCUSSION**

I.  **MEDICAL OPINION EVIDENCE**

Plaintiff first argues the ALJ improperly evaluating the medical opinions of Keli Dean, M.D., and Tatsuo Ogiso, M.D. An ALJ's decision to discredit any medical opinion must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id.* at 1012-13 (citing *Nguyen v. Chater,* 100 F.3d 1462, 1464 (9th Cir. 1996)).

**A. Keli Dean, M.D.**

Examining psychologist Dr. Dean evaluated Plaintiff on February 5, 2018. (Tr. 689.) After reviewing Plaintiff's treatment records, Dr. Dean opined that Plaintiff suffered from anxiety and needed help with most of her activities of daily living. (Tr. 692.) Dr. Dean also opined that Plaintiff was markedly limited in her ability to work in coordination with or proximity to others and would likely miss four of more days of work each month as a result of her combined impairments. (Tr. 696-97.)

The ALJ found Dr. Dean's opinion unpersuasive, noting that Dr. Dean relied heavily upon Plaintiff's subjective complaints as opposed to medically demonstrable phenomena. (Tr. 21.). The

PAGE 5 – OPINION AND ORDER

ALJ need not accept a physician's opinion that is inadequately supported by clinical findings, *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012), and may find a physician's opinion unpersuasive if they properly analyze the opinion's supportability and consistency with the medical record. 20 C.F.R. §416.920c(b)(2). Here, all of Dr. Dean's diagnoses appear to be based on Plaintiff's self-reports regarding her symptoms and limitations. (Tr. 693-94.) The ALJ also accepted the reports of Winifred C. Ju, Ph.D., and Clare McGuinness, Ph.D., who determined that Dr. Dean relied on Plaintiff's subjective complaints in making her diagnoses. This case is therefore distinguishable from *Ryan v. Comm'r*, 528 F.3d 1194 (9th Cir. 2008) (finding that an ALJ may not reject a physician's opinion merely by questioning the credibility of the patient's complaints).

The ALJ also noted that Dr. Dean's opinion was inconsistent with other evidence in the record, including Plaintiff's activities as well as Plaintiff's failure to pursue treatment for her mental health limitations. (Tr. 21.) Here, in contrast with Dr. Dean's assessment of marked limitations and her opinion that Plaintiff would require assistance with most of her activities of daily living, (tr. 692.), Plaintiff was able to use public transportation. Further, despite reports that Plaintiff had problems with anxiety and social issues, Plaintiff reported spending time with family and a friend. (Tr. 21, 224, 690, 696.) And despite her allegedly marked limitations in mental functioning, Plaintiff did not seek counseling during the relevant period. (Id.) In fact, the only medical evidence of mental healthcare in the record consists of a treatment note that assessed Plaintiff's depression as "stable" in February 2019. (Tr. 856, 860.) The ALJ may discount a medical opinion when it is inconsistent with the overall medical record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). While the evidence may be susceptible to multiple interpretations, the Court finds that the ALJ's evaluation of Dr. Dean's opinion was reasonable and therefore must be affirmed.

PAGE 6 – OPINION AND ORDER

### B. Tatsuo Ogisu, M.D.

Dr. Ogisu treated Plaintiff for back pain. (Tr. 835.) Dr. Ogisu opined that Plaintiff was morbidly obese and that her back pain was "fairly well controlled." (Id.) Dr. Ogisu found that Plaintiff could walk 2 hours per day, sit 6 hours per day, stand 2 hours per day, and lift 15 pounds occasionally and 5 pounds frequently. (Tr. 835.)

The ALJ found Dr. Ogisu's opinion only partly persuasive. (Tr. 25.) Specifically, the ALJ noted that Plaintiff's sparse treatment history was inconsistent with Dr. Ogisu's findings of physical limitations, noting that Plaintiff had no treatment for back pain between October 2017 and February 2019. (Tr. 25.) The ALJ may discount a medical opinion when it is inconsistent with the overall medical record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Here, the ALJ also cited the opinion of Fred Williams, M.D., who noted that Plaintiff's treatment for back pain had been minimal, and prescribed no treatment. (Tr. 266-94.) While Plaintiff argues that her lack of treatment is attributable to her lack of resources and mental limitations, it does not explain why an examining physician would prescribe no treatment for an allegedly disabling impairment. (Id.) On this record, the ALJ's evaluation of Dr. Ogisu's opinion was reasonable and is supported by substantial evidence.

## II.   SUBJECTIVE SYMPTOM TESTIMONY

Plaintiff next argues that the ALJ improperly rejected her subjective symptom testimony. The ALJ is required to provide specific, clear and convincing reasons for rejecting a claimant's testimony. *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). At the administrative hearing, Plaintiff testified that she was unable to work primarily due to her lack of education and skills. (Tr. 46.) Plaintiff also testified that she was disabled due to her combined impairments, including back pain and physical limitations, and mental health issues. (Tr. 47, 49.)

The ALJ found Plaintiff's testimony regarding her disabling limitations and symptoms unpersuasive. (Tr. 23-24.) First, the ALJ properly noted that a claimant's lack of education and skills is not a basis for a finding of disability. (Tr. 23.) The ALJ also found that Plaintiff's treatment history undermined her subjective symptom complaints. (Tr. 24-25.) Here, as discussed above, there were significant gaps in Plaintiff's treatment history despite her allegations of disabling pain and mental limitations. (Tr. 96-97.) While Plaintiff contends that her treatment history is justified by her lack of resources, the record shows that Plaintiff has had Medicaid-HSO since before the relevant period. (Tr. 554, 582, 589, 593, 746, 750, 766, 770.) Further, while Plaintiff argues that her mental impairments prevented her from seeking treatment, the record demonstrates Plaintiff's ability to attend appointments when needed; to use public transportation; and to engage in therapy prior to the relevant period. (Tr. 367-82, 401-545.) On this record, Plaintiff's unexplained lack of treatment constitutes substantial evidence supporting the ALJ's evaluation of Plaintiff's testimony.

The ALJ also determined that Plaintiff's allegations conflicted with objective medical evidence. (Tr. 23-24.) The ALJ may consider objective medical evidence when assessing a claimant's testimony and may discount a claimant's statements if medical opinion evidence contradicts the claimant's subjective testimony. 20 C.F.R. 404.1529(c)(2); *Carmickle v. Comm'r*, 533 F.3d 1155, 1161 (9th Cir. 2008). Here, despite Plaintiff's allegations that her depression prevented her from working, the only medical evidence of mental healthcare in the record assessed Plaintiff's depression as "stable" in February 2019. (Tr. 856, 860.) Thereafter, Plaintiff's treatment provider consistently assessed Plaintiff's affect as normal. (Tr. 839, 849.) Despite alleging disabling back pain, Plaintiff also testified that her back pain medications were mostly effective and was not observed to be in acute distress on examination. (Tr. 24-25, 47, 839, 849, 857.) On this record, the ALJ's determination that Plaintiff's testimony regarding the nature and extent of

her symptoms and limitations was unpersuasive was reasonable. The ALJ's decision is therefore affirmed.

## CONCLUSION

For the reasons stated, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

DATED this 10th day of August, 2022.

                                                          s/Michael J. McShane
                                                          MICHAEL MCSHANE
                                                          United States District Judge